UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| GUJARAT FLUOROCHEMICALS LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant,<br><br>　　and<br><br>DAIKIN AMERICA INC.,<br><br>　　　　Defendant-Intervenor. | Court No. 22-00120<br><br>Hon. Timothy C. Stanceu<br>Judge |

**COMMENTS ON REMAND RESULTS
OF DEFENDANT-INTERVENOR DAIKIN AMERICA INC.**

Roger B. Schagrin
Luke A. Meisner
Elizabeth J. Drake
Justin M. Neuman*
SCHAGRIN ASSOCIATES
900 Seventh Street, N.W.
Suite 500
Washington, D.C.  20001

*Counsel for Defendant-Intervenor
Daikin America Inc.*

*Admitted only in Ohio. Practice limited to federal agencies and courts.

March 9, 2023

Defendant-Intervenor Daikin America Inc. ("Daikin") hereby submits these comments on the Final Results of Redetermination Pursuant to Court Remand ("Remand Results"), ECF No. 63, prepared by the U.S. Department of Commerce ("Commerce") and filed by Defendant the United States on February 23, 2023. These comments are timely filed pursuant to the Court's order issued on January 24, 2023. *See Gujarat Fluorochemicals Limited v. United States*, Court No. 22-00120, Slip-Op. 23-9 (CIT January 23, 2023) ("*Remand Opinion*"). For the reasons articulated in the Remand Results and elaborated upon below, the Court should uphold Commerce's determination to countervail the provision of land by the Gujarat Industrial Development Corporation ("GIDC"). In addition, because the *Remand Opinion* left Commerce no choice but to delete the subsidy rate for the provision of land by the State Industrial Development Corporation ("SIDC"), and because Commerce complied with this aspect of the Court's *Remand Opinion* under protest, the Court may uphold this aspect of the Remand Results and thus permit parties that continue to object to this aspect of the *Remand Opinion* (including Daikin) to appeal that aspect of the *Remand Opinion* to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit").

**I.  The Provision of Land by the GIDC**

In its opinion, the Court ordered Commerce to reconsider its inclusion of an estimated 0.12 percent subsidy rate for the provision of land by the GIDC. *Remand Opinion* at 30. On remand, Commerce continued to find that the provision of land by the GIDC was countervailable, as each of the statutory elements of a countervailable subsidy – financial contribution, specificity, and benefit – are satisfied. Remand Results at 2-3 and 6-10. Daikin fully supports this aspect of Commerce's Remand Results.

As noted by Commerce, the provision of land by the GIDC confers a financial contribution, because the GIDC is an agency of the State Government of Gujarat ("SGOG"), and it is thus an authority under 19 U.S.C. § 1677(5)(B). *Id*. at 6-7. In addition, the provision of land is the provision of a good under 19 U.S.C. § 1677(5)(D)(iii). *Id*. Daikin also agrees that the provision of land by the GIDC is regionally specific because it is limited to industries in designated geographical regions within the SGOG's jurisdiction in accordance with 19 U.S.C. § 1677(5A)(D)(iv). *Id*. at 7. Plaintiff Gujarat Fluorochemicals Limited ("GFL") did not contest the financial contribution and specificity determinations contained in Commerce's draft remand results, *see id*. at 11, and thus any objection to those aspects of the Remand Results has been waived.

Daikin also agrees with Commerce's continued reliance on a private auction of industry-ready land in Ahmedabad, Gujarat as the benchmark to measure the benefit conferred by the land leased from the GIDC. Unlike the other benchmarks placed on the record, the Ahmedabad benchmark meets all of the following criteria: (1) it is for a transaction between private parties; (2) it is in the same state as the land from the GIDC (Gujarat); and (3) it involves industry-ready land comparable to the land provided by the GIDC. *Id*. at 7-9. Furthermore, Daikin concurs with Commerce's rejection of GFL's arguments against use of this benchmark in the Remand Results. *Id*. at 11-14. As previously explained by Daikin, Commerce's reliance on the Ahmedabad benchmark in the original determination was amply supported by substantial evidence and it is in accordance with the law, *see* Daikin Resp. at 21-39, and that continues to be the case with respect to the Remand Results.

Finally, we note that Commerce clearly stated that it was relying on the Ahmedabad benchmark in the preliminary results. *See Granular Polytetrafluoroethylene Resin From India:*

2

*Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Critical Circumstances Determination, and Alignment of Final Determination With Final Antidumping Duty Determination*, 86 Fed. Reg. 35,479 (Dep't Commerce July 6, 2021) and accompanying Preliminary Decision Memorandum at 10 – 11 ("… the private land transaction in Ahmedabad, Gujarat, represents the best comparable land value on the record to use as a benchmark."). P.R. 173. GFL did not challenge Commerce's selection of this benchmark in its administrative case brief below. *See* Gujarat Fluorochemicals Limited Case Brief (Nov. 18, 2021). P.R. 234. According to Commerce regulations, any objections to the Ahmedabad benchmark were thus waived, *see* 19 C.F.R. § 351.309(c)(2) ("The case brief must present all arguments that continue in the submitter's view to be relevant to the Secretary's final determination …."). Thus, in Daikin's view, any objection to the Ahmedabad benchmark was never properly before this Court due to a failure to exhaust administrative remedies. *See* Daikin Resp. at 28, ECF Nos. 47 and 48.

In any event, for all the reasons above, this Court should affirm Commerce's Remand Results with regard to the provision of land by the GIDC.

## II. The Provision of Land by the SIDC

On remand, the Court ordered Commerce to delete from the overall subsidy rate the 26.50 percent estimated subsidy rate for the provision of land by the SIDC, citing the Court's novel interpretation of Commerce's cross-owned input supplier attribution regulation at 19 C.F.R. § 351.525(b)(6)(iv). *Remand Opinion* at 10-26 and 30. Commerce complied with the Court's order regarding this issue under respectful protest. *See* Remand Results at 6. Commerce also stated it would not consider any comments on this aspect of its draft remand determination before the agency below, and thus any such comments would have been futile. *See id.* at 2 and 10.

While the Court may affirm this aspect of Commerce's remand issued under protest and thus permit parties to appeal this aspect of the Court's determination,[1] we hereby reiterate our disagreement with this aspect of the Court's *Remand Opinion*. As explained in Daikin's response brief and supplemental briefing before the Court, Commerce's interpretation and application of the cross-owned input supplier regulation in its final results was supported by substantial evidence, reasonable, and in accordance with law. *See* Daikin Resp. Br. at 10-21. *See also* Daikin Supp. Resp., ECF No. 58. Daikin continues to support Commerce's original determination in this regard, and Daikin opposes the contrary interpretation and resulting directed remand set forth in the *Remand Opinion*.

In particular, Daikin does not agree with the Court's conclusion that an input can only be considered to be "primarily dedicated" to the production of a downstream product under 19 C.F.R § 351.525(b)(6)(iv) if the input in question bears a "close physical relationship" to the downstream product. *See Remand Opinion* at 17. Nothing in the plain language of the regulation requires such a "close physical relationship;" the regulation only requires that production of the input be "primarily dedicated to production of the input to the production of the downstream product …." 19 C.F.R. § 351.525(b)(6)(iv). Indeed, Commerce's own regulations define inputs consumed in the production process to include not only inputs physically incorporated in the downstream product but also "energy, fuels and oil used in the production process." 19 C.F.R. § 351.102(b)(12). Thus, it was reasonable for Commerce to conclude that "inputs" in the cross-owned attribution regulation include inputs such as electricity as defined in the agency's general definitions rule.

---

[1] *See Viraj Group. Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003).

Regardless, even if the cross-owned input regulation was silent or ambiguous regarding this issue, Commerce's interpretation was entitled to at least some deference from this Court. *See Auer v. Robbins*, 519 U.S. 452, 461 (1997). *See also Kisor v. Wilkie*, 139 S.Ct. 2400, 2415-2418 (2019). Yet the Court refused to grant any deference to Commerce's interpretation of its own rule. *See Remand Opinion* at 25 ("The court does not agree that deference is owed to the interpretation Commerce applied ...."). Instead, the Court reached its own conclusion regarding the "correct meaning" of the regulation based on the illustrative examples included in Commerce's regulatory preamble, thus allowing these illustrative examples to impermissibly narrow the plain language of the regulation itself. *Id*. at 15-19 and 25.

Moreover, Daikin is concerned that the *Remand Opinion* misapplied the standard of review for antidumping and countervailing duty determinations by directing Commerce to delete the subsidy margin for this program and not allowing Commerce to reconsider or more fully explain its original determination. *See Remand Opinion* at 30. The Federal Circuit has explained that the statute permits the Court of International Trade to remand an agency decision for further consideration consistent with its decision, but the statute does not permit the Court of International Trade to "outright revers{e} a decision by Commerce ...." *Ad Hoc Shrimp Trade Action Comm. v. United States*, 515 F.3d 1372, 1383 (Fed. Cir. 2008). *See also* 19 U.S.C. § 1516a(c)(3). As a result, as noted by Commerce in the Remand Results, the Federal Circuit "generally disfavor{s} limited remands that restrict Commerce's ability to collect and fully analyze data on a contested issue." Remand Results at 5-6 (citing *Changzhou Wujin Fine Chemical Factory Co., Ltd. v. United States*, 701 F.3d 1367, 1375 (Fed. Cir. 2012)).

In short, because the Court directed a particular outcome on remand regarding the provision of land by the SIDC and because Commerce refused to consider any comments on this

aspect of its redetermination, Daikin is limited in these comments to reiterating its position supporting Commerce's original determination in the underlying investigation and noting its disagreement with the substance and form of the Court's *Remand Opinion* on this issue. Daikin agrees, however, with Commerce's decision to submit this aspect of its Remand Results under respectful protest. Thus, even if the Court affirms this aspect of the Remand Results, parties have retained the ability to appeal this issue to the Federal Circuit.

### III.   Conclusion

Daikin appreciates the opportunity to provide these comments on the Remand Results. As explained above, Daikin fully supports Commerce's determination to continue to countervail the provision land by the GIDC and respectfully requests that this aspect of the Remand Results be affirmed. In addition, while Daikin disagrees with this Court's directed remand regarding the provision of land by the SIDC, the Court may affirm this aspect of the remand submitted under protest in order to permit parties to appeal the issue to the Federal Circuit.

          Respectfully submitted,

*/s/ Elizabeth J. Drake*
Roger B. Schagrin
Luke A. Meisner
Elizabeth J. Drake
Justin M. Neuman*
**SCHAGRIN ASSOCIATES**
900 Seventh Street, N.W., Suite 500
Washington, D.C.  20001

*Counsel for Defendant-Intervenor*
*Daikin America Inc.*

*Admitted only in Ohio. Practice limited to federal agencies and courts.

Dated:  March 9, 2023

## CERTIFICATE OF COMPLIANCE WITH WORD LIMITATION

I, Elizabeth J. Drake, hereby certify that this brief, including headings, footnotes, and quotations, contains 1,723 words, according to the word count function of the word processing program used to prepare this brief.

/s/ Elizabeth J. Drake
Roger B. Schagrin
Luke A. Meisner
Elizabeth J. Drake
Justin M. Neuman*
**SCHAGRIN ASSOCIATES**
900 Seventh Street, N.W.
Suite 500
Washington, D.C. 20001

*Counsel for Defendant-Intervenor Daikin America Inc.*

*Admitted only in Ohio. Practice limited to federal agencies and courts.

Dated: March 9, 2023