UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE TIMOTHY C. STANCEU, JUDGE

|  |  |
|---|---|
| GUJARAT FLUOROCHEMICALS LIMITED, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| THE UNITED STATES, | ) Court No. 22-00120 |
| *Defendant*, | ) |
| and | ) |
| DAIKIN AMERICA INC., | ) |
| *Defendant-Intervenor*. | ) |

**PLAINTIFF'S COMMENTS ON THE DEPARTMENT OF COMMERCE'S REMAND REDETERMINATION**

John M. Gurley
Diana Dimitriuc Quaia
Jessica R. DiPietro

ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006
Tel: (202) 857-6301

March 9, 2023

## TABLE OF CONTENTS

Page

I. SUMMARY OF THE ARGUMENT ................................................................................. 1
II. COMMERCE'S REMAND REDETERMINATION ......................................................... 2
III. ARGUMENT ....................................................................................................................... 4
    A. SIDC's Provision of Land to Inox Wind Limited ................................................... 4
    B. GIDC's Provision of Land for Less Than Adequate Remuneration ....................... 5
IV. CONCLUSION .................................................................................................................... 7

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| GUJARAT FLUOROCHEMICALS LIMITED,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*,<br>and<br><br>DAIKIN AMERICA INC.,<br><br>*Defendant-Intervenor*. | Court No. 22-00120 |

**PLAINTIFF'S COMMENTS ON THE DEPARTMENT OF COMMERCE'S REMAND REDETERMINATION**

Pursuant to the U.S. Court of International Trade's opinion and order, dated January 24, 2023, ECF No. 61, Plaintiff Gujarat Fluorochemicals Limited ("GFCL") provides the following comments in response to the U.S. Department of Commerce's ("Commerce") Final Remand Redetermination filed on February 23, 2023. These comments are timely filed pursuant to the Order issued by this Court on January 24, 2023, ECF No. 61.

The Final Remand Redetermination was issued pursuant to the January 24, 2023 remand order of the U.S. Court of International Trade in *Gujarat Fluorochemicals Limited v. United States*, Court No. 22-00122 ("Remand Order"). *See* Final Results of Redetermination Pursuant to Court Remand (Feb. 23, 2023), ECF Nos. 63, 63-1 ("Remand Redetermination").

## I. SUMMARY OF THE ARGUMENT

In *GFCL v. US*, the Court remanded Commerce's final determination in the underlying countervailing duty investigation of granular polytetrafluoroethylene ("PTFE") resin from India

with respect to Commerce's determinations to (1) attribute a 26.5% subsidy rate calculated for GFCL's cross-owned affiliate, Inox Wind Limited ("IWL"), to GFCL; and (2) to impose "the 0.12% estimated subsidy rate on the {Gujarat Industrial Development Corporation ("GIDC")} issue." *Gujarat Fluorochemicals Ltd. v. United* States, No. 22-00120, Slip Op. 23-9, at 26, 29 (Jan. 24, 2023) ("Slip Op. 23-9").

On remand, Commerce complied with the Court's Order and deleted the 26.5% subsidy rate calculated for IWL from GFCL's countervailing duty ("CVD") margin. Final Remand Redetermination at 2. Commerce also reconsidered its subsidy determination with respect to the GIDC's provision of land. Finding that the provision of land was a financial contribution by an authority, and that is was specific, Commerce continued to calculate a benefit to GFCL, relying on the Ahmedabad Benchmark. Commerce continued to impose a 0.12% estimated subsidy rate related to the GIDC's provision of land. *Id.*

With respect to the first issue, GFCL agrees with Commerce's Final Remand Redetermination taking expeditious corrective action in response to the Court's direct instruction "to reach a particular outcome on this issue, *i.e.*, to delete the 26.50 percent estimated subsidy rate from the overall rate." Slip Op. 23-9, at 5. With respect to the second issue, GFCL submits that Commerce's benefit calculation and benchmark determination for the GIDC's provision of land remain unsupported by the record evidence and contrary to law. However, GFCL has decided not to pursue this argument in favor of an expedient resolution of this case and supports the Department's Final Remand Redetermination.

## II. COMMERCE'S REMAND REDETERMINATION

In its Final Remand Redetermination, Commerce "deleted the 26.50 percent estimated subsidiary rate for the SIDC's provision of land from GFL's overall subsidy rate," as instructed by the Court, albeit "under respectful protest." *Id.* As explained below, GFCL agrees with this

2

aspect of the Final Remand Redetermination.

With respect to the second issue, the Court held that the "discussion of" the GIDC's provision of land for less than adequate remuneration" in the Final Issues and Decision Memorandum is inadequate to explain an LTAR and subsidy determination and fails to state critical findings on which it could have been based, including findings associated with a benchmark analysis." Slip Op. 23-9, at 29. The Court therefore remanded for "Commerce to reconsider in the entirety the decision to include the 0.12% estimated subsidy rate on the GIDC issue." *Id.*

In its Final Remand Redetermination, Commerce also reevaluated whether the GIDC provision of land constituted a financial contribution by an authority and whether that financial contribution was specific. Final Remand Redetermination at 6-10. Commerce found that the "GIDC is an 'authority'" under the law "and that the GIDC's long-term lease of land to GFL constitutes a financial contribution." *Id.* at 7. Commerce also determined that the provision of land was specific because it "is only available in areas designated as industrial estates inside the SGOG's jurisdiction and, thus, is regionally specific" under the law. *Id.* Commerce also stated that, "pursuant to the *Remand Order*, {it was} also examining {its} benefit calculation finding," which required that "Commerce consider{} all the record information in selecting an appropriate benchmark for the GIDC's provision of land for LTAR." *Id.* Commerce again determined that the Ahmedabad Benchmark was the "best comparable land value on the record to use as a benchmark." *Id.* at 9. While Commerce's reasoning for selecting the Ahmedabad Benchmark continues to be inadequate and unsupported by the evidence on the record, GFCL does not pursue this claim in an effort to ensure expedient relief from the original 31.89 countervailable subsidy rate. *See Granular Polytetrafluoroethylene Resin From India*, 87 Fed. Reg. 14509,

3

14510 (Mar. 15, 2022), P.R. 257.

### III.   ARGUMENT

#### A.   SIDC's Provision of Land to Inox Wind Limited

Commerce's determination in the Final Remand Redetermination to "delete{} the 26.50 percent estimated subsidy rate for the SIDC's provision of land from {GFCL's} overall subsidy rate" fully complies with the Remand Order, and the Court's opinion. Final Remand Redetermination at 2. GFCL agrees that Commerce's unlawful determination that IWL provides GFCL with an input primarily dedicated to the production of subject merchandise "stemmed from a misinterpretation of the regulation," Slip Op. 23-9, at 24. Although Commerce "respectfully disagree{s}" with the Remand Order, the new determination set forth in Commerce's Final Remand Redetermination removing the 26.50 percent estimated subsidy rate from GFCL's overall rate fully reflects the applicable law and the evidentiary record before Commerce. The Final Remand Redetermination also complies with the Court's instruction for expeditious corrective action. *Id.* at 5. (directing Commerce "to reach a particular outcome on this issue, *i.e.*, to delete the 26.50 percent estimated subsidy rate from the overall rate.") Here, GFCL agrees with the Court that "{t}he salient point is that there is no indication on the record of this investigation, and nothing in the Department's analysis, to support a notion that electricity was 'primarily dedicated' – in the sense in which that term was intended in § 351.525(b)(6)(iv) – to the 'production' of any specific 'downstream product Gujarat Fluorochemicals made at its facilities, or even to all of the downstream products considered collectively." Slip Op. 23-9, at 21. Commerce was not "prevented . . . from undertaking a fully balanced examination that might have produced more accurate results." *See* Final Remand Redetermination at 6 n.18 (quoting *Am. Silicon Techs. v. United States*, 334 F.3d 1033, 1039 (Fed. Cir. 2003). Instead, the Court properly ordered Commerce to implement the result of a correct legal analysis.

4

GFCL agrees with the outcome – the removal of the 26.5% estimated subsidy rate from GFCL's total estimated subsidy rate – and supports Commerce's Final Remand Redetermination.

### B. GIDC's Provision of Land for Less Than Adequate Remuneration

The Court held that "{t}he Final Issues and Decision Memorandum contains no analysis of a 'financial benefit' or 'specificity' for the 0.12% estimated subsidy rate" calculated by Commerce for the provision of land by the GIDC. Slip Op. 23-9, at 28. The Court explained further that the "discussion of" the GIDC's provision of land for less than adequate remuneration "in the Final Issues and Decision Memorandum is inadequate to explain an LTAR and subsidy determination and fails to state critical findings on which it could have been based, including findings associated with a benchmark analysis." *Id.* at 29. The Court therefore remanded for "Commerce to reconsider in the entirety the decision to include the 0.12% estimated subsidy rate on the GIDC issue." *Id.*

Commerce's Final Remand Redetermination attempts to complete the legal analysis statutorily required for subsidy finding by making the necessary findings that the GIDC provision of land to GFCL represents a financial contribution and that it is specific. As a result, Commerce continues to determine that this GIDC provision of land confers a benefit to GFCL.

To find such a benefit, Commerce again determined that the Ahmedabad Benchmark was the "best comparable land value on the record to use as a benchmark." Final Remand Redetermination at 9. Although the Court did not "presume that the land leases by GIDC were for less than adequate remuneration," Commerce's analysis yet again is based on presumptions. *See* Slip Op. 23-9, at 28-29. On remand, Commerce's benchmark analysis continues to be cursory and its benchmark selection continues to suffer of the same shortcomings that GFCL has identified in its briefing to the Court. *See, e.g.,* Plaintiff Gujarat Fluorochemicals Limited's

5

Reply Br., at 15-16 (Oct. 28, 2022), ECF No. 51; Gujarat Fluorochemicals Limited's Case Brief at 14-16 (Nov. 18, 2021), C.R. 172, P.R. 234; Gujarat Fluorochemicals Limited's Rebuttal Brief at 3-9 (Dec. 1, 2021), C.R. 173, P.R. 236.  In its Final Remand Redetermination, Commerce should have used the GFCL-proposed Ranjitnagar and Mahidad Benchmarks to calculate any benefit to GFCL under the GIDC program, rather than the flawed Ahmedabad benchmark.  *See e.g.*, Gujarat Fluourochemicals Limited's Section III Questionnaire Response at 79, Exh. 16(a)-(g) (May 6, 2021) ("GFCL Initial QR"), C.R. 51, 75-77, P.R. 90, 107; Plaintiff's Memorandum of Law in Support of its Motion for Judgment on the Agency Record, at 26-28 (July 21, 2022), ECF No. 38.

Commerce's rejection of GFCL's private land transactions as useable benchmarks in favor of the Ahmedabad Benchmark is illogical. In its Final Remand Redetermination, Commerce determined that "upon examination of the deeds and purchase documents, . . . these land parcels were not comparable to the industry-ready land that the GIDC provides." Final Remand Redetermination at 8.  GFCL respectfully disagrees with this review of the record, which clearly demonstrates that the land parcels in those deeds and purchase documents were explicitly purchased for GFCL's industrial use.  *See* Plaintiff's Memorandum of Law in Support of its Motion for Judgment on the Agency Record, at 26-28 (July 21, 2022), ECF No. 38; *see also* GFCL Initial QR at Exh. 16(a)-(g), Exh. 16(l), C.R. 51, 75-77, P.R. 90, 107.

GFCL also disagrees with Commerce that the Ahmedabad Benchmark is even a useable benchmark under Commerce's regulations.  Commerce asserts that the Ahmedabad Benchmark is a "private land transaction in Ahmedabad, Gujarat," which "contains a rate for industry-ready land obtained within India" and, thus, is "comparable, geographically proximate, and privately purchased." Final Remand Redetermination at 9. There is still no evidence to support this

6

statement. To the contrary, there is no evidence in this article that the bid was between private parties, whether it was finalized, or that it was an actual transaction reflecting market principles. *See* Petitioner's Benchmark Data Submission at Exh. 6 (June 1, 2021), P.R. 127, 128.

Although GFCL maintains that Commerce's benchmark determination continues to be contrary to the record evidence for the reasons above, and as explained in its filings with this Court, GFCL supports the Final Remand Redetermination and will not request a second remand to the agency on the this issue solely in the interest of expediency. GFCL looks forward to an expedient resolution to this case.

## IV. CONCLUSION

GFCL respectfully requests that the Court sustain Commerce's Final Remand Determination, and order Commerce to instruct U.S. Customs and Border Protection to both refund any cash deposits collected from GFCL in excess of the 5.39% recalculated rate and set GFCL's cash deposit rate at 5.39%.

A proposed Order accompanies these comments.

Respectfully submitted,

**/s/ John M. Gurley**
John M. Gurley
Diana Dimitriuc Quaia
Jessica R. DiPietro

ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6301

March 9, 2023                                           *Counsel for Gujarat Fluorochemicals Limited*

AFDOCS:27082357.8

**CERTIFICATE OF COMPLIANCE**

Pursuant to the Court's Standard Chamber Procedure 2(b)(1), the undersigned certifies that Plaintiff's Comments on the Final Remand Redetermination filed on March 3, 2023, complies with the word limitation requirement. The word count for Plaintiff's Comments, as computed by ArentFox Schiff LLP's word processing system is 1835.

 /s/ **John M. Gurley**
John M. Gurley

## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE TIMOTHY C. STANCEU, JUDGE

|  |  |
|---|---|
| GUJARAT FLUOROCHEMICALS LIMITED,<br><br>*Plaintiff*,<br>v.<br><br>THE UNITED STATES,<br><br>*Defendant,*<br>and<br><br>DAIKIN AMERICA INC.,<br><br>*Defendant-Intervenor.* | Court No. 22-00120 |

## **ORDER**

Upon consideration of the Final Remand Redetermination filed on March 3, 2023 by Defendant, the parties' comments on the such remand redetermination and all other papers and proceedings herein, it is hereby

**ORDERED** that the Department of Commerce's Final Remand Redetermination is SUSTAINED; and it is further

**ORDERED** that the Department of Commerce shall instruct U.S. Customs and Border Protection to refund any cash deposits collected from Gujarat Fluorochemicals Limited in excess of 5.39%; and it is further

**ORDERED** that the Department of Commerce shall instruct U.S. Customs and Border Protection to set the cash deposit rate at 5.39% for any subject merchandise produced or exported by Gujarat Fluorochemicals Limited.

**SO ORDERED.**

_____
The Hon. Timothy C. Stanceu, Judge

Dated: _____, 2023
         New York, New York

AFDOCS:27082357.8