## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| GUJARAT FLUOROCHEMICALS LIMITED, | ) |
| *Plaintiff,* | ) |
| v. | ) |
| THE UNITED STATES, | )   Court No. 22-00120 |
| *Defendant,* | ) |
| and | ) |
| DAIKIN AMERICA INC., | ) |
| *Defendant-Intervenor.* | ) |

## DEFENDANT'S RESPONSE TO COMMENTS ON REMAND RESULTS

Pursuant to the Court's opinion and order dated January 24, 2023, defendant, the United States, respectfully submits this response to the comments filed by plaintiff, Gujarat Fluorochemicals Limited (GFL), and defendant-intervenor, Daikin America Inc. (Daikin), regarding the final results of the United States Department of Commerce's remand redetermination. *See* Opinion and Order, Jan. 24, 2023, ECF No. 61 (*Remand Order*); Final Results of Redetermination Pursuant to Court Remand, Feb. 23, 2023, ECF No. 63-1 (*Remand Results*); Daikin Cmts., Mar. 9, 2023, ECF No. 64; GFCL Cmts., Mar. 9, 2023, ECF No. 66.  On remand, the Court ordered that Commerce shall: (1) "delete from the overall rate the 26.50% estimated subsidy rate for the provision of land by the {State Industrial Development Corporation}" and (2) "reconsider its inclusion of an estimated 0.12% subsidy rate for the provision of land by the {Gujarat Industrial Development Corporation}." *Remand Order* at 30.

Commerce's *Remand Results* comply with the *Remand Order*. Although Commerce issued its remand redetermination "under respectful protest,"[1] Commerce complied with this Court's order to delete from GFL's overall rate the 26.50 percent estimated subsidy rate for the provision of land by the State Industrial Development Corporation. *See Remand Results* at 5–6; *Remand Order* at 30. Commerce also reevaluated its inclusion of the estimated 0.12 percent subsidy rate for the provision of land by the Gujarat Industrial Development Corporation, consistent with the *Remand Order*. *Remand Results* at 6–10. Specifically, Commerce found that the Gujarat Industrial Development Corporation's (GIDC) provision of land for less than adequate remuneration (LTAR) constitutes a financial contribution from an authority and is specific. *See id.* at 2, 6–7. In reconsidering the entirety of its decision to include the 0.12 percent rate, Commerce also reexamined its benefit calculation. *See id.* at 7–10. However, because Commerce continued to find that the Ahmedabad land is the best available benchmark on the record for calculating GFL's benefit under the GIDC provision of land for LTAR program, Commerce made no changes to the 0.12 percent estimated subsidy rate. *See id.* at 10–15.

As we have previously demonstrated, Commerce's reliance on the Ahmedabad land in Gujarat as the benchmark is supported by substantial evidence and not contrary to law, *see* Def. Resp. at 25–28 (ECF No. 46), and that remains the case with respect to the *Remand Results*. On remand, Commerce again explained that, unlike the other benchmarks placed on the record, the Ahmedabad land met several benchmark criteria: it is a transaction between private parties; it is in the same state (Gujarat) as the land from the GIDC; and it is comparable to the industry-ready

---

[1] Commerce "disagree{d} with the CIT's decision to direct Commerce to reach a particular outcome on {an} issue, i.e., to delete the 26.50 percent estimated subsidy rate from the overall rate." *Remand Results* at 5.

land provided by the GIDC. *See id.* at 7–9, 12–14. Commerce also reasonably explained why GFL's arguments do not show that Commerce's benchmark analysis, which is limited to record information, is unsupported by substantial evidence or not in accordance with the law. *See id.* at 12–14.

Notwithstanding their dissatisfaction with certain aspects of the outcome on remand, GFL and Daikin both suggest that the Court sustain the *Remand Results*. *See* GFL Cmts. at 7; Daikin Cmts. at 6. Regarding the provision of land by the GIDC, Daikin indicates that "this Court should affirm Commerce's Remand Results." Daikin Cmts. at 3. And although Daikin disagrees with this Court's order to delete the 26.50 percent subsidy rate, Daikin does not argue that Commerce failed to follow this Court's direction or comply with the *Remand Order*. *See id.* at 3–6. Indeed, Daikin states that "the Court may affirm this aspect of the remand submitted under respectful protest in order to permit parties to appeal the issue to the Federal Circuit." *Id.* at 6. For its part, GFL agrees with Commerce's removal of the 26.5% estimated subsidy rate "and supports Commerce's Final Remand Redetermination." GFL Cmts. at 4–5. Moreover, despite disagreeing with Commerce's ultimate benchmark determination for the provision of land by the GIDC, GFL nevertheless "supports the Final Remand Redetermination and will not request a second remand to the agency on this issue solely in the interest of expediency." *See id.* at 5–7.

Accordingly, because Commerce complied with the *Remand Order*, the remand is supported by substantial evidence, and no party challenges Commerce's remand redetermination, we respectfully request that the Court sustain Commerce's *Remand Results*.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY

Director

s/ Claudia Burke
CLAUDIA BURKE
Assistant Director

OF COUNSEL:                                    s/ Daniel F. Roland
PAUL KEITH                                     DANIEL F. ROLAND
Assistant Chief Counsel                        Trial Attorney
Department of Commerce                         U.S. Department of Justice
Office of the Chief Counsel                    Civil Division
  for Trade Enforcement & Compliance           Commercial Litigation Branch
                                               P.O. Box 480
                                               Ben Franklin Station
                                               Washington, D.C.  20044
                                               Tel: (202) 305-0514
                                               E-mail: daniel.f.roland@usdoj.gov

March 16, 2023                                 Attorneys for Defendant

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Daniel F. Roland, hereby certify that this brief, including headings, footnotes, and quotations, contains 790 words, according to the word count function of the word processing program used to prepare this brief.

<u>/s/ Daniel F. Roland</u>

March 16, 2023