

**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC  20006

202.857.6000   **MAIN**
202.857.6395   **FAX**

afslaw.com

**John M. Gurley**
Partner
202.857.6301   **DIRECT**
john.gurley@afslaw.com

July 7, 2023

**FILED ELECTRONICALLY VIA CM/ECF**

The Honorable Timothy C. Stanceu, Senior Judge
Attn:  Lewis Hugh, Case Manager
U.S. Court of International Trade
One Federal Plaza
New York, NY 10278-0001

Re:   Gujarat Fluorochemicals Limited v. United States, Court No. 22-120; Plaintiff's Letter to The Court Providing Status Update Related to Ongoing First Administrative Review

Dear Judge Stanceu:

Plaintiff Gujarat Fluorochemicals Limited ("GFCL") provides the following status update for the benefit of the Court, as the U.S. Department of Commerce ("Commerce") begins its first administrative review of granular polytetrafluoroethylene ("PTFE") resin from India. Commerce initiated its first review of the countervailing duty order pertaining to granular PTFE resin from India for the period of review ("POR") covering September 2, 2021 through February 28, 2023, on May 9, 2023. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 29,881, 29,885 (Dep't of Commerce May 9, 2023), provided at **Attachment 1**.

On May 15, 2023, Commerce issued a memorandum stating that "{b}ecause only one company, Gujarat Fluorochemicals Limited (GFCL), was identified in the *Initiation Notice* and that company has entries of subject merchandise during the POR, Commerce has selected GFCL


AFDOCS
Smart In
Your World®


as the mandatory respondent for this administrative review." **Attachment 2** at 1 (providing public memorandum).

Commerce's issuance of the initial questionnaire to GFCL is imminent, and will require GFCL to report detailed information regarding its affiliates, their business activities and potential subsidies provided by the Government of India. In the current litigation relating to the investigation, this Court held that evidence on the record did not support Commerce's initial determination that one of GFCL's affiliates, Inox Wind Limited ("IWL"), provided an input primarily dedicated to GFCL's downstream production. *See Gujarat Fluorochemicals Limited v. United States*, Court No. 22-00122, Slip Op. 23-9 (CIT June 24, 2023), ECF No. 61 ("Remand Order").

Commerce's Final Remand Redetermination was filed with this Court on February 23, 2023, pursuant to the January 24, 2023 Remand Order, and all comments relating to the Remand Redetermination have been filed. *See* Final Results of Redetermination Pursuant to Court Remand (Feb. 23, 2023), ECF Nos. 63, 63-1 ("Remand Redetermination"); *see also* ECF Nos. 64-66 (Comments filed by Defendant-Intervenor, Defendant, and Plaintiff). Commerce's Remand Redetermination, consistent with the Remand Order, "delete{d} from the overall rate the 26.50 percent estimated subsidy rate for the provision of land by the State Industrial Development Corporation (SIDC)." *Id.*

In its Remand Redetermination, although under protest, Commerce complied with the Court's order which held that "{t}he salient point is that there is no indication on the record of



this investigation, and nothing in the Department's analysis, to support a notion that electricity was 'primarily dedicated' – in the sense in which that term was intended in § 351.525(b)(6)(iv) – to the 'production' of any specific 'downstream product Gujarat Fluorochemicals made at its facilities, or even to all of the downstream products considered collectively." *See* Remand Order at 21.  This decision, if affirmed on remand by the Court, directly impacts GFCL's impending reporting to Commerce during the first administrative review.

      GFCL respects the Court's time and appreciates the attention to this case.  Should further information be helpful to the Court, GFCL is ready and willing to provide it .

      Respectfully submitted,

**/s/ John M. Gurley**
John M. Gurley
Diana Dimitriuc Quaia
Jessica R. DiPietro

ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006
Tel: (202) 857-6301

July 7, 2023      *Counsel for Gujarat Fluorochemicals Limited*

AFDOCS:198497802.3

# Attachment 1

# Attachment 1

Case 1:22-cv-00120-TCS Document 72 Filed 07/07/23 Page 5 of 14
Barcode:4376616-01 C-533-900 REV - Admin Review 7/6/21 - 12/31/22

**Federal Register** / Vol. 88, No. 89 / Tuesday, May 9, 2023 / Notices 29881

parties in any of these sunset reviews.[6] As a result, pursuant to section 751(c)(3)(B) of the Act and 19 CFR 351.218(e)(1)(ii)(C)(2), Commerce conducted expedited (120-day) sunset reviews of these *Orders.* On April 21, 2023, Commerce requested that domestic interested parties provide a new submission with corrected import data for the CWP from Taiwan sunset review as well as the December 2022 import data for both the CWP from Taiwan and the pipes and tubes from Taiwan sunset reviews because the import data submitted for the CWP from Taiwan review was incorrect.[7] On April 24, 2023, the domestic interested parties submitted updated import data for the CWP from Taiwan and the pipes and tubes from Taiwan sunsets reviews.[8]

## Scopes of the Orders

### CWP Orders for Brazil, Korea, and Mexico

The products covered by these orders are circular welded non-alloy steel pipes and tubes, of circular cross-section, not more than 406.4 mm (16 inches) in outside diameter, regardless of wall thickness, surface finish (black, galvanized, or painted), or end finish (plain end, bevelled end, threaded, or threaded and coupled). For a full description of the scope of these orders, *see* the Issues and Decision Memorandum.[9]

### CWP Order for Taiwan

The products covered by this order are: (1) circular welded non-alloy steel pipes and tubes, of circular cross section over 114.3 millimeters (4.5 inches), but not over 406.4 millimeters (16 inches) in outside diameter, with a wall thickness of 1.65 millimeters (0.065 inches) or more, regardless of surface finish (black, galvanized, or painted), or end-finish (plain end, beveled end, threaded, or threaded and coupled); and (2) circular welded non-alloy steel pipes and tubes, of circular cross-section less than 406.4 millimeters (16 inches), with a wall thickness of less than 1.65 millimeters (0.065 inches), regardless of surface finish (black, galvanized, or painted) or end-finish (plain end, beveled end, threaded, or threaded and coupled). For a full description of the scope of this order, *see* the Issues and Decision Memorandum.

### Pipes and Tubes Order for Taiwan

The merchandise covered by this order is certain circular welded carbon steel pipes and tubes from Taiwan, which are defined as: welded carbon steel pipes and tubes, of circular cross section, with walls not thinner than 0.065 inch, and 0.375 inch or more but not over 4.5 inches in outside diameter. For a full description of the scope of this order, *see* the Issues and Decision Memorandum

## Analysis of Comments Received

All issues raised in these sunset reviews are addressed in the Issues and Decision Memorandum. A list of topics discussed in the Issues and Decision Memorandum is included as an appendix to this notice. The Issues and Decision Memorandum is a public document and is on file electronically via Enforcement and Compliance's Antidumping and Countervailing Duty Centralized Electronic Service System (ACCESS). ACCESS is available to registered users at *https://access.trade.gov.* A complete version of the Issues and Decision Memorandum can be accessed directly at *https://access.trade.gov/public/FRNotices/ListLayout.aspx.*

## Final Results of Sunset Reviews

Pursuant to sections 751(c) and 752(c) of the Act, Commerce determines that revocation of the *Orders* would be likely to lead to continuation or recurrence of dumping, and that the magnitude of the dumping margins likely to prevail would be up to: 103.38 percent for Brazil, 7.32 percent for Mexico, 1.20 percent for Korea, 27.65 percent for CWP from Taiwan, and 8.91 percent for pipes and tubes from Taiwan.

## Administrative Protective Order

This notice serves as the only reminder to parties subject to administrative protective order (APO) of their responsibility concerning the destruction of proprietary information disclosed under APO in accordance with 19 CFR 351.305(a). Timely notification of the destruction of APO materials or conversion to judicial protective orders is hereby requested. Failure to comply with the regulations and terms of an APO is a violation which is subject to sanction.

## Notification to Interested Parties

We are issuing and publishing these final results and notice in accordance with sections 751(c), 752(c), and 777(i)(1) of the Act, and 19 CFR 351.218(e)(1)(ii)(C)(2) and 19 CFR 351.221(c)(5)(ii).

Dated: May 3, 2023.

**Abdelali Elouaradia,**
*Deputy Assistant Secretary for Enforcement and Compliance.*

## Appendix

### List of Topics Discussed in the Issues and Decision Memorandum

I. Summary
II. Background
III. Scopes of the *Orders*
IV. History of the *Orders*
V. Legal Framework
VI. Discussion of the Issues
  1. Likelihood of Continuation or Recurrence of Dumping
  2. Magnitude of the Margins Likely to Prevail
VII. Final Results of Sunset Reviews
VIII. Recommendation

[FR Doc. 2023–09855 Filed 5–8–23; 8:45 am]
**BILLING CODE 3510–DS–P**

---

## DEPARTMENT OF COMMERCE

**International Trade Administration**

### Initiation of Antidumping and Countervailing Duty Administrative Reviews

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The Department of Commerce (Commerce) has received requests to conduct administrative reviews of various antidumping duty (AD) and countervailing duty (CVD) orders with March anniversary dates. In accordance with Commerce's regulations, we are initiating those administrative reviews.

**DATES:** Applicable May 9, 2023.

**FOR FURTHER INFORMATION CONTACT:** Brenda E. Brown, AD/CVD Operations, Customs Liaison Unit, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230, telephone: (202) 482–4735.

**SUPPLEMENTARY INFORMATION:**

### Background

Commerce has received timely requests, in accordance with 19 CFR

---

[6] *See* Commerce's Letter, "Sunset Reviews for January 2023," dated January 25, 2023.

[7] *See* Memorandum, "Circular Welded Carbon Non-Alloy Steel Pipe from Taiwan (A–583–814), Correcting Import Data on the Administrative Record," dated April 21, 2023.

[8] *See* Domestic Interested Parties' Letter, "Circular Welded Carbon Steel Pipes Fifth Five-Year Review of the Antidumping Duty Orders on Certain Circular Welded Non-Alloy Steel Pipe from Taiwan: Updated Import Data," dated April 24, 2023, at Exhibit 1; *see also* Memorandum, "Circular Welded Carbon Steel Pipes and Tubes from Taiwan (A–583–008), Correcting Import Data on the Administrative Record," dated April 28, 2023.

[9] *See* Memorandum, "Issues and Decision Memorandum for the Final Results of Certain Circular Welded Non-Alloy Steel Pipe from Brazil, Mexico, the Republic of Korea, and Taiwan; and Certain Circular Welded Carbon Steel Pipes and Tubes from Taiwan; Expedited Fifth Sunset Review," dated concurrently with, and hereby adopted by, this notice (Issues and Decision Memorandum).

Case 1:22-cv-00120-TCS    Document 72    Filed 07/07/23    Page 6 of 14
Barcode:4376616-01 C-533-900 REV - Admin Review 7/6/21 - 12/31/22

**29882** Federal Register/Vol. 88, No. 89/Tuesday, May 9, 2023/Notices

351.213(b), for administrative reviews of various AD and CVD orders with March anniversary dates.

All deadlines for the submission of various types of information, certifications, or comments or actions by Commerce discussed below refer to the number of calendar days from the applicable starting time.

### Notice of No Sales

With respect to antidumping administrative reviews, if a producer or exporter named in this notice of initiation had no exports, sales, or entries during the period of review (POR), it must notify Commerce within 30 days of publication of this notice in the **Federal Register**. All submissions must be filed electronically at *https://access.trade.gov,* in accordance with 19 CFR 351.303.[1] Such submissions are subject to verification, in accordance with section 782(i) of the Tariff Act of 1930, as amended (the Act). Further, in accordance with 19 CFR 351.303(f)(1)(i), a copy must be served on every party on Commerce's service list.

### Respondent Selection

In the event Commerce limits the number of respondents for individual examination for administrative reviews initiated pursuant to requests made for the orders identified below, Commerce intends to select respondents based on U.S. Customs and Border Protection (CBP) data for U.S. imports during the POR. We intend to place the CBP data on the record within five days of publication of the initiation notice and to make our decision regarding respondent selection within 35 days of publication of the initiation **Federal Register** notice. Comments regarding the CBP data and respondent selection should be submitted within seven days after the placement of the CBP data on the record of this review. Parties wishing to submit rebuttal comments should submit those comments within five days after the deadline for the initial comments.

In the event Commerce decides it is necessary to limit individual examination of respondents and conduct respondent selection under section 777A(c)(2) of the Act, the following guidelines regarding collapsing of companies for purposes of respondent selection will apply. In general, Commerce has found that determinations concerning whether particular companies should be ''collapsed'' (*e.g.,* treated as a single entity for purposes of calculating antidumping duty rates) require a substantial amount of detailed information and analysis, which often require follow-up questions and analysis. Accordingly, Commerce will not conduct collapsing analyses at the respondent selection phase of this review and will not collapse companies at the respondent selection phase unless there has been a determination to collapse certain companies in a previous segment of this AD proceeding (*e.g.,* investigation, administrative review, new shipper review, or changed circumstances review). For any company subject to this review, if Commerce determined, or continued to treat, that company as collapsed with others, Commerce will assume that such companies continue to operate in the same manner and will collapse them for respondent selection purposes. Otherwise, Commerce will not collapse companies for purposes of respondent selection.

Parties are requested to (a) identify which companies subject to review previously were collapsed, and (b) provide a citation to the proceeding in which they were collapsed. Further, if companies are requested to complete the Quantity and Value (Q&V) Questionnaire for purposes of respondent selection, in general, each company must report volume and value data separately for itself. Parties should not include data for any other party, even if they believe they should be treated as a single entity with that other party. If a company was collapsed with another company or companies in the most recently completed segment of this proceeding where Commerce considered collapsing that entity, complete Q&V data for that collapsed entity must be submitted.

### Deadline for Withdrawal of Request for Administrative Review

Pursuant to 19 CFR 351.213(d)(1), a party that has requested a review may withdraw that request within 90 days of the date of publication of the notice of initiation of the requested review. The regulation provides that Commerce may extend this time if it is reasonable to do so. Determinations by Commerce to extend the 90-day deadline will be made on a case-by-case basis.

### Deadline for Particular Market Situation Allegation

Section 504 of the Trade Preferences Extension Act of 2015 amended the Act by adding the concept of a particular market situation (PMS) for purposes of constructed value under section 773(e) of the Act.[2] Section 773(e) of the Act states that ''if a particular market situation exists such that the cost of materials and fabrication or other processing of any kind does not accurately reflect the cost of production in the ordinary course of trade, the administering authority may use another calculation methodology under this subtitle or any other calculation methodology.'' When an interested party submits a PMS allegation pursuant to section 773(e) of the Act, Commerce will respond to such a submission consistent with 19 CFR 351.301(c)(2)(v). If Commerce finds that a PMS exists under section 773(e) of the Act, then it will modify its dumping calculations appropriately.

Neither section 773(e) of the Act nor 19 CFR 351.301(c)(2)(v) set a deadline for the submission of PMS allegations and supporting factual information. However, in order to administer section 773(e) of the Act, Commerce must receive PMS allegations and supporting factual information with enough time to consider the submission. Thus, should an interested party wish to submit a PMS allegation and supporting new factual information pursuant to section 773(e) of the Act, it must do so no later than 20 days after submission of initial responses to section D of the questionnaire.

### Separate Rates

In proceedings involving non-market economy (NME) countries, Commerce begins with a rebuttable presumption that all companies within the country are subject to government control and, thus, should be assigned a single antidumping duty deposit rate. It is Commerce's policy to assign all exporters of merchandise subject to an administrative review in an NME country this single rate unless an exporter can demonstrate that it is sufficiently independent so as to be entitled to a separate rate.

To establish whether a firm is sufficiently independent from government control of its export activities to be entitled to a separate rate, Commerce analyzes each entity exporting the subject merchandise. In accordance with the separate rates criteria, Commerce assigns separate rates to companies in NME cases only if respondents can demonstrate the absence of both *de jure* and *de facto* government control over export activities.

All firms listed below that wish to qualify for separate rate status in the

---

[1] *See Antidumping and Countervailing Duty Proceedings: Electronic Filing Procedures; Administrative Protective Order Procedures,* 76 FR 39263 (July 6, 2011).

[2] *See* Trade Preferences Extension Act of 2015, Public Law 114–27, 129 Stat. 362 (2015).

administrative reviews involving NME countries must complete, as appropriate, either a Separate Rate Application or Certification, as described below. For these administrative reviews, in order to demonstrate separate rate eligibility, Commerce requires entities for whom a review was requested, that were assigned a separate rate in the most recent segment of this proceeding in which they participated, to certify that they continue to meet the criteria for obtaining a separate rate. The Separate Rate Certification form will be available on Commerce's website at *https://access.trade.gov/Resources/nme/nme-sep-rate.html* on the date of publication of this **Federal Register** notice. In responding to the certification, please follow the ''Instructions for Filing the Certification'' in the Separate Rate Certification. Separate Rate Certifications are due to Commerce no later than 30 calendar days after publication of this **Federal Register** notice. The deadline and requirement for submitting a Separate Rate Certification applies equally to NME-owned firms, wholly foreign-owned firms, and foreign sellers who purchase and export subject merchandise to the United States.

Entities that currently do not have a separate rate from a completed segment of the proceeding [3] should timely file a Separate Rate Application to demonstrate eligibility for a separate rate in this proceeding. In addition, companies that received a separate rate in a completed segment of the proceeding that have subsequently made changes, including, but not limited to, changes to corporate structure, acquisitions of new companies or facilities, or changes to their official company name,[4] should timely file a Separate Rate Application to demonstrate eligibility for a separate rate in this proceeding. The Separate Rate Application will be available on Commerce's website at *https://access.trade.gov/Resources/nme/nme-sep-rate.html* on the date of publication of this **Federal Register** notice. In responding to the Separate Rate Application, refer to the instructions contained in the application. Separate Rate Applications are due to Commerce no later than 30 calendar days after publication of this **Federal Register** notice. The deadline and requirement for submitting a Separate Rate Application applies equally to NME-owned firms, wholly foreign-owned firms, and foreign sellers that purchase and export subject merchandise to the United States.

Exporters and producers must file a timely Separate Rate Application or Certification if they want to be considered for individual examination. Furthermore, exporters and producers who submit a Separate Rate Application or Certification and subsequently are selected as mandatory respondents will no longer be eligible for separate rate status unless they respond to all parts of the questionnaire as mandatory respondents.

**Initiation of Reviews**

In accordance with 19 CFR 351.221(c)(1)(i), we are initiating administrative reviews of the following AD and CVD orders and findings. We intend to issue the final results of these reviews not later than March 31, 2024.

| | Period to be reviewed |
|---|---|
| **AD Proceedings** | |
| BRAZIL: Certain Uncoated Paper, A–351–842 | 3/1/22–2/28/23 |
|     Suzano S.A.[5] | |
|     Sylvamo do Brasil Ltda./Sylvamo Exports Ltda. | |
| GERMANY: Forged Steel Fluid Blocks, A–428–847 | 1/1/22–12/31/22 |
|     voestalpine Bohler Welding Group GmbH[6]. | |
| INDIA: Certain New Pneumatic Off-The-Road Tires, A–533–869 | 3/1/22–2/28/23 |
|     Aakriti Manufacturing Pvt. Ltd. | |
|     Apollo Tyres Ltd. | |
|     Asian Tire Factory Ltd. | |
|     ATC Tires Private Limited. | |
|     Balkrishna Industries Ltd.[7] | |
|     Cavendish Industries Ltd. | |
|     Ceat Ltd. | |
|     Celite Tyre Corporation. | |
|     Emerald Resilient Tyre Manufacturer. | |
|     HRI Tires India. | |
|     JK Tyre & Industries Ltd. | |
|     John Deere India Pvt. Ltd. | |
|     K.R.M. Tyres. | |
|     Mahansaria Tyres Private Limited. | |
|     MRF Limited. | |
|     MRL Tyres Limited. | |
|     OTR Laminated Tyres (I) Pvt. Ltd. | |
|     Royal Tyres Private Limited. | |
|     Speedways Rubber Company. | |
|     Sun Tyre And Wheel Systems. | |
|     Sundaram Industries Private Limited. | |
|     Tvs Srichakra Limited. | |
|     Tyre Experts LLP. | |
|     Ultra Mile. | |
| INDIA: Granular Polytetrafluoroethylene Resin, A–533–899 | 9/2/21–2/28/23 |
|     Gujarat Fluorochemicals Limited. | |

---

[3] Such entities include entities that have not participated in the proceeding, entities that were preliminarily granted a separate rate in any currently incomplete segment of the proceeding (*e.g.,* an ongoing administrative review, new shipper review, *etc.*) and entities that lost their separate rate in the most recently completed segment of the proceeding in which they participated.

[4] Only changes to the official company name, rather than trade names, need to be addressed via a Separate Rate Application. Information regarding new trade names may be submitted via a Separate Rate Certification.

Case 1:22-cv-00120-TCS   Document 72   Filed 07/07/23   Page 8 of 14
Barcode:4376616-01 C-533-900 REV - Admin Review 7/6/21 - 12/31/22

**29884** Federal Register / Vol. 88, No. 89 / Tuesday, May 9, 2023 / Notices

| | Period to be reviewed |
|---|---|
| PORTUGAL: Certain Uncoated Paper, A–471–807 | 3/1/22–2/28/23 |
|     The Navigator Company, S.A. | |
| RUSSIA: Granular Polytetrafluoroethylene Resin, A–821–829 | 9/2/21–2/28/23 |
|     HaloPolymer Kirovo-Chepetsk, LLC;[8] HaloPolymer Perm, OJSC; Limited Liability Company First Fluoroplastic Plant; HaloPolymer OJSC; Limited Liability Company Trading House HaloPolymer. | |
| TAIWAN: Light-Walled Welded Rectangular Carbon Steel Tubing, A–583–803 | 3/1/22–2/28/23 |
|     Hoa Phat Steel Pipe Company Limited. | |
| THAILAND: Circular Welded Carbon Steel Pipes and Tubes, A–549–502 | 3/1/22–2/28/23 |
|     Apex International Logistics. | |
|     Aquatec Maxcon Asia. | |
|     Asian Unity Part Co., Ltd. | |
|     Better Steel Pipe Company Limited. | |
|     Bis Pipe Fitting Industry Co., Ltd. | |
|     Blue Pipe Steel Center Co. Ltd. | |
|     Chuhatsu (Thailand) Co., Ltd. | |
|     CSE Technologies Co., Ltd. | |
|     Expeditors International (Bangkok). | |
|     Expeditors Ltd. | |
|     FS International (Thailand) Co., Ltd. | |
|     Kerry-Apex (Thailand) Co., Ltd. | |
|     K Line Logistics. | |
|     Oil Steel Tube (Thailand) Co., Ltd. | |
|     Otto Ender Steel Structure Co., Ltd. | |
|     Pacific Pipe and Pump. | |
|     Pacific Pipe Public Company Limited. | |
|     Panalpina World Transport Ltd. | |
|     Polypipe Engineering Co., Ltd. | |
|     Saha Thai Steel Pipe Public Co., Ltd. | |
|     Schlumberger Overseas S.A. | |
|     Siam Fittings Co., Ltd. | |
|     Siam Steel Pipe Co., Ltd. | |
|     Sino Connections Logistics (Thailand) Co., Ltd. | |
|     Thai Malleable Iron and Steel. | |
|     Thai Oil Group. | |
|     Thai Oil Pipe Co., Ltd. | |
|     Thai Premium Pipe Co., Ltd. | |
|     Vatana Phaisal Engineering Company. | |
|     Visavakit Patana Corp., Ltd. | |
| THE PEOPLE'S REPUBLIC OF CHINA: Certain Corrosion Inhibitors, A–570–122 | 3/1/22–2/28/23 |
|     Alfa Aesar China Chemical Co., Ltd. | |
|     Anhui Trust Chem Co., Ltd. | |
|     Focus Chemical B.V. | |
|     Gold Chemical Limited. | |
|     Haruno Sangyo Kaisha, Ltd. | |
|     Jiangsu Trust Chem Co., Ltd. | |
|     Jiangyin Delian Chemical Co., Ltd. | |
|     Johoku Chemical Co., Ltd. | |
|     Kanghua Chemical Co., Ltd. | |
|     KD Finechem Co., Ltd. | |
|     Nanjing Trust Chem Co., Ltd. | |
|     Nantong Botao Chemical Co., Ltd. | |
|     New Essential Corp. | |
|     Sagar Speciality Chemicals Pvt., Ltd. | |
|     Shanghai Sunwise Chemical Co., Ltd. | |
|     Sinochem Pharmaceutical Co., Ltd. | |
|     Tianjin Jinbin International Trade. | |
|     TotalEnergies Lubrifiants. | |
|     Vcare Medicines. | |
|     Wuxi Base International Trade Co., Ltd. | |
|     Xiamen Amity Industry & Trade Co., Ltd. | |
|     Yasho Industries Pvt. Ltd. | |
|     Zaozhuang Kerui Chemicals Co., Ltd. | |
| THE PEOPLE'S REPUBLIC OF CHINA: Certain Vertical Shaft Engines Between 225C and 999CC, and Parts Thereof, A–570–119 | 3/1/22–2/28/23 |
|     Changzhou Kawasaki Engine Co., Ltd. | |
|     Chongqing Dajiang Power Equipment Co., Ltd. | |
|     Chongqing Rato Technology Co., Ltd. | |
|     Chongqing Zongshen General Power Machine Co., Ltd. | |
|     Honda Power Products (China) Co., Ltd. | |
|     Jialing-Honda Motors Co., Ltd. | |
|     Kawasaki Motors Corp., U.S.A. | |
|     Kawasaki Motors Shanghai, Ltd. | |
|     Liquid Combustion Technology, LLC. | |

Case 1:22-cv-00120-TCS   Document 72   Filed 07/07/23   Page 9 of 14
Barcode:4376616-01 C-533-900 REV - Admin Review 7/6/21 - 12/31/22

Federal Register / Vol. 88, No. 89 / Tuesday, May 9, 2023 / Notices        29885

| | Period to be reviewed |
|---|---|
| Loncin Motor Co., Ltd. | |
| Longwin Power Technology. | |
| Yamaha Motor Corporation. | |
| Yamaha Motor (China) Co., Ltd. | |
| Yamaha Motor Powered Products Jiangsu Co., Ltd. | |
| THE PEOPLE'S REPUBLIC OF CHINA: Difluoromethane, A–570–121 ......................................................... | 3/1/22–2/28/23 |
| Taizhou Qingsong Refrigerant New Material Co., Ltd. | |
| Zhejiang Sanmei Chemical Industry Co., Ltd. | |
| THE PEOPLE'S REPUBLIC OF CHINA: Glycine, A–570–836 ...................................................................... | 3/1/22–2/28/23 |
| Aqua Bond Inc. | |
| Baoding Mantong Fine Chemistry Co., Ltd. | |
| Blue Science Ltd. | |
| GFR Pharmaceuticals, Inc. | |
| Guangzhou ZIO Chemical Co., Ltd. | |
| Hebei Huayang Biological Technology Co., Ltd. | |
| Hebei Pushiyongdao Trade Co., Ltd. (also known as Hebei Pushi Yongdao Trade Co., Ltd.) | |
| Hengshui Changhao Borunke Trade Co., Ltd. | |
| Jiangsu Inter China Group Corp. | |
| Keele Warehousing & Logistics Distribution Inc. | |
| Neptune Supply Chain Technology Shanghai Ltd. | |
| Ningbo Create-Bio Engineering Co., Ltd. | |
| Polifar Group Limited. | |
| Qingdao Haosail Science Co., Ltd. | |
| Shanghai Yunyuan Trading Co., Ltd. | |
| Shijiazhuang Dingwei Trading Co., Ltd. | |
| Shijiazhuang Haitian Amino Acid Co., Ltd. | |
| Suzhou Win Health International Co., Ltd. | |
| Yantai Zhaoyi Biotechnology Co., Ltd. | |
| THE PEOPLE'S REPUBLIC OF CHINA: Pentafluoroethane (R–125), A–570–137 ..................................... | 8/17/21–2/28/23 |
| Huantai Dongyue International Trade Co. Ltd. | |
| Shandong Dongyue Chemical Co., Ltd. | |
| Zhejiang Sanmei Chemical Ind. Co., Ltd. | |
| Zhejiang Sanmei Chemical Industry. Co., Ltd. | |
| Zhejiang Yonghe Refrigerant Co., Ltd. | |
| **CVD Proceedings** | |
| GERMANY: Forged Steel Fluid Blocks, C–428–848 ................................................................................... | 1/1/22–12/31/22 |
| voestalpine Bohler Welding Group GmbH [9]. | |
| INDIA: Certain New Pneumatic Off-The-Road Tires, C–533–870 ............................................................. | 1/1/22–12/31/22 |
| Aakriti Manufacturing Pvt. Ltd. | |
| Apollo Tyres Ltd. | |
| Asian Tire Factory Limited. | |
| Asiatic Tradelinks Private Limited. | |
| ATC Tires Private Limited. | |
| Balkrishna Industries Ltd. | |
| Cavendish Industries Ltd. | |
| Ceat Ltd. | |
| Celite Tyre Corporation. | |
| Emerald Resilient Tyre Manufacturer. | |
| Forech India Private Limited. | |
| HRI Tires India. | |
| Innovative Tyres & Tubes Limited. | |
| JK Tyre & Industries Ltd. | |
| John Deere India Pvt. Ltd. | |
| K.R.M. Tyres. | |
| Mahansaria Tyres Private Limited. | |
| MRF Limited. | |
| MRL Tyres Limited (Malhotra Rubbers Ltd.). | |
| Neosym Industry Limited. | |
| OTR Laminated Tyres (I) Pvt. Ltd. | |
| Royal Tyres Private Limited. | |
| Rubberman Enterprises Pvt. Ltd. | |
| Speedways Rubber Company. | |
| Sun Tyre And Wheel Systems. | |
| Sundaram Industries Private Limited. | |
| Superking Manufacturers (Tyre) Pvt., Ltd. | |
| TVS Srichakra Limited. | |
| Ultra Mile. | |
| INDIA: Granular Polytetrafluoroethylene Resin, C–533–900 ..................................................................... | 7/6/21–12/31/22 |
| Gujarat Fluorochemicals Limited. | |
| INDIA: Sulfanilic Acid, C–533–807 ............................................................................................................. | 1/1/22–12/31/22 |
| Government of India. | |
| RUSSIA: Granular Polytetrafluoroethylene Resin, C–821–830 ................................................................. | 7/6/21–12/31/22 |
| HaloPolymer Kirovo-Chepetsk, LLC; Joint Stock Company HaloPolymer Perm; Joint Stock Company HaloPolymer; URALCHEM JSC [10]. | |

Filed By: Michael Mckenney, Filed Date: 5/15/23 2:40 PM, Submission Status: Approved

Case 1:22-cv-00120-TCS   Document 72   Filed 07/07/23   Page 10 of 14
Barcode:4376616-01 C-533-900 REV - Admin Review 7/6/21 - 12/31/22

**29886**  Federal Register / Vol. 88, No. 89 / Tuesday, May 9, 2023 / Notices

| | Period to be reviewed |
|---|---|
| OJSC. | |
| THE PEOPLE'S REPUBLIC OF CHINA: Certain Corrosion Inhibitors, C–570–123 ................................................................. | 1/1/22–12/31/22 |
|     Alfa Aesar China Chemical Co. Ltd. | |
|     Anhui Trust Chem Co., Ltd. | |
|     Nanjing Trust Chem Co., Ltd. | |
|     Jiangsu Trust Chem. Co., Ltd. | |
|     Focus Chemical B.V. | |
|     Gold Chemical Limited. | |
|     Haruno Sangyo Kaisha, Ltd. | |
|     Jiangyin Delian Chemical Co., Ltd. | |
|     Johoku Chemical Co., Ltd. | |
|     Kanghua Chemical Co., Ltd. (formerly, Nantong Kanghua Chemical Co., Ltd.). | |
|     KD Finechem Co., Ltd. | |
|     Nantong Botao Chemical Co., Ltd.; Nantong Yutu Group Co., Ltd.[11]. | |
|     New Essential Corp. | |
|     Sagar Speciality Chemicals Pvt., Ltd. | |
|     Shanghai Sunwise Chemical Co., Ltd. | |
|     Sinochem Pharmaceutical Co., Ltd. | |
|     Tianjin Jinbin International Trade. | |
|     TotalEnergies Lubrifiants. | |
|     Vcare Medicines. | |
|     Wuxi Base International Trade Co., Ltd. | |
|     Xiamen Amity Industry & Trade Co., Ltd. | |
|     Yasho Industries Pvt. Ltd. | |
|     Zaozhuang Kerui Chemicals Co., Ltd. | |
| THE PEOPLE'S REPUBLIC OF CHINA: Certain Vertical Shaft Engines Between 225C and 999CC, and Parts Thereof, C–570–120 ................................................................. | 1/1/22–12/31/22 |
|     Changzhou Kawasaki Engine Co., Ltd. | |
|     Chongqing Dajiang Power Equipment Co., Ltd. | |
|     Chongqing Rato Technology Co., Ltd. | |
|     Chongqing Zongshen General Power Machine Co., Ltd. | |
|     Honda Power Products (China) Co., Ltd. | |
|     Jialing-Honda Motors Co., Ltd. | |
|     Kawasaki Motors Corp., U.S.A. | |
|     Kawasaki Motors Shanghai, Ltd. | |
|     Liquid Combustion Technology, LLC. | |
|     Loncin Motor Co., Ltd. | |
|     Longwin Power Technology. | |
|     Yamaha Motor Corporation. | |
|     Yamaha Motor (China) Co., Ltd. | |
|     Yamaha Motor Powered Products Jiangsu Co., Ltd. | |

**Suspension Agreements**

None.

---

[5] Commerce also received a request for review of Suzano Papel e Celulose S.A. However, prior to the period of review, Commerce determined that Suzano S.A. is the successor-in-interest to Suzano Papel e Celulose S.A. *See Certain Uncoated Paper from Brazil: Final Results of Antidumping Duty Administrative Review; 2019–2020,* 86 FR 55820 (October 7, 2021). Therefore, we are initiating this review on Suzano S.A.

[6] Commerce hereby corrects the name of this company as listed in the *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 88 FR 15642, 15649 (March 14, 2023).

[7] Subject merchandise produced and exported by Balkrishna Industries Ltd. (BKT) was excluded from the order. *See Certain New Pneumatic Off-the-Road Tires from India: Notice of Correction to Antidumping Duty Order,* 82 FR 25598 (June 2, 2017). Accordingly, Commerce is initiating this administrative review with respect to BKT only for subject merchandise produced in India where BKT acted as either the manufacturer or exporter (but not both).

[8] HaloPolymer Kirovo-Chepetsk, LLC's request for review included HaloPolymer Trading, Inc., which is a U.S. importer. Commerce does not conduct reviews of U.S. importers; *see* 19 CFR 351.213(b)(1).

**Duty Absorption Reviews**

During any administrative review covering all or part of a period falling between the first and second or third and fourth anniversary of the publication of an AD order under 19 CFR 351.211 or a determination under

---

[9] Commerce hereby corrects the name of this company as listed in the *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 88 FR 15642, 15656 (March 14, 2023).

[10] HaloPolymer Kirovo-Chepetsk, LLC's request for review included HaloPolymer Trading, Inc., which is a U.S. importer. Commerce does not conduct reviews of U.S. importers; *see* 19 CFR 351.213(b)(1).

[11] Commerce previously found Nantong Botao Chemical Co., Ltd. and Nantong Yutu Group Co., Ltd. to be cross-owned. *See Certain Corrosion Inhibitors from the People's Republic of China: Preliminary Affirmative Countervailing Duty Determination, and Alignment of Final Determination with Final Antidumping Duty Determination,* 85 FR 41960 (July 13, 2020), and accompanying Preliminary Decision Memorandum at 8–9, unchanged in *Certain Corrosion Inhibitors from the People's Republic of China: Final Affirmative Countervailing Duty Determination,* 86 FR 7537 (January 29, 2021).

19 CFR 351.218(f)(4) to continue an order or suspended investigation (after sunset review), Commerce, if requested by a domestic interested party within 30 days of the date of publication of the notice of initiation of the review, will determine whether AD duties have been absorbed by an exporter or producer subject to the review if the subject merchandise is sold in the United States through an importer that is affiliated with such exporter or producer. The request must include the name(s) of the exporter or producer for which the inquiry is requested.

**Gap Period Liquidation**

For the first administrative review of any order, there will be no assessment of antidumping or countervailing duties on entries of subject merchandise entered, or withdrawn from warehouse, for consumption during the relevant "gap" period of the order (*i.e.,* the period following the expiry of provisional measures and before

Case 1:22-cv-00120-TCS    Document 72    Filed 07/07/23    Page 11 of 14
Barcode:4376616-01 C-533-900 REV - Admin Review 7/6/21 - 12/31/22

Federal Register / Vol. 88, No. 89 / Tuesday, May 9, 2023 / Notices    29887

definitive measures were put into place), if such a gap period is applicable to the POR.

### Administrative Protective Orders and Letters of Appearance

Interested parties must submit applications for disclosure under administrative protective orders in accordance with the procedures outlined in Commerce's regulations at 19 CFR 351.305. Those procedures apply to administrative reviews included in this notice of initiation. Parties wishing to participate in any of these administrative reviews should ensure that they meet the requirements of these procedures (*e.g.,* the filing of separate letters of appearance as discussed at 19 CFR 351.103(d)).

### Factual Information Requirements

Commerce's regulations identify five categories of factual information in 19 CFR 351.102(b)(21), which are summarized as follows: (i) evidence submitted in response to questionnaires; (ii) evidence submitted in support of allegations; (iii) publicly available information to value factors under 19 CFR 351.408(c) or to measure the adequacy of remuneration under 19 CFR 351.511(a)(2); (iv) evidence placed on the record by Commerce; and (v) evidence other than factual information described in (i)–(iv). These regulations require any party, when submitting factual information, to specify under which subsection of 19 CFR 351.102(b)(21) the information is being submitted and, if the information is submitted to rebut, clarify, or correct factual information already on the record, to provide an explanation identifying the information already on the record that the factual information seeks to rebut, clarify, or correct. The regulations, at 19 CFR 351.301, also provide specific time limits for such factual submissions based on the type of factual information being submitted. Please review the *Final Rule*,[12] available at *www.govinfo.gov/content/pkg/FR-2013-07-17/pdf/2013-17045.pdf,* prior to submitting factual information in this segment. Note that Commerce has temporarily modified certain of its requirements for serving documents containing business proprietary information, until further notice.[13]

Any party submitting factual information in an AD or CVD proceeding must certify to the accuracy and completeness of that information using the formats provided at the end of the *Final Rule*.[14] Commerce intends to reject factual submissions in any proceeding segments if the submitting party does not comply with applicable certification requirements.

### Extension of Time Limits Regulation

Parties may request an extension of time limits before a time limit established under Part 351 expires, or as otherwise specified by Commerce.[15] In general, an extension request will be considered untimely if it is filed after the time limit established under Part 351 expires. For submissions which are due from multiple parties simultaneously, an extension request will be considered untimely if it is filed after 10 a.m. on the due date. Examples include, but are not limited to: (1) case and rebuttal briefs, filed pursuant to 19 CFR 351.309; (2) factual information to value factors under 19 CFR 351.408(c), or to measure the adequacy of remuneration under 19 CFR 351.511(a)(2), filed pursuant to 19 CFR 351.301(c)(3) and rebuttal, clarification and correction filed pursuant to 19 CFR 351.301(c)(3)(iv); (3) comments concerning the selection of a surrogate country and surrogate values and rebuttal; (4) comments concerning CBP data; and (5) Q&V questionnaires. Under certain circumstances, Commerce may elect to specify a different time limit by which extension requests will be considered untimely for submissions which are due from multiple parties simultaneously. In such a case, Commerce will inform parties in the letter or memorandum setting forth the deadline (including a specified time) by which extension requests must be filed to be considered timely. This policy also requires that an extension request must be made in a separate, stand-alone submission, and clarifies the circumstances under which Commerce will grant untimely-filed requests for the extension of time limits. Please review the *Final Rule,* available at *https://www.gpo.gov/fdsys/pkg/FR-2013-09-20/html/2013-22853.htm,* prior to submitting factual information in these segments.

These initiations and this notice are in accordance with section 751(a) of the Act (19 U.S.C. 1675(a)) and 19 CFR 351.221(c)(1)(i).

Dated: May 3, 2023.

**James Maeder,**
*Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations.*

[FR Doc. 2023–09797 Filed 5–8–23; 8:45 am]
**BILLING CODE 3510–DS–P**

---

## DEPARTMENT OF COMMERCE

### International Trade Administration

[A–533–838]

### Carbazole Violet Pigment 23 From India: Rescission of Antidumping Duty Administrative Review; 2021–2022

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The U.S. Department of Commerce (Commerce) is rescinding the administrative review of the antidumping duty order on carbazole violet pigment 23 from India for the period of review (POR) December 1, 2021, through November 30, 2022, based on the timely withdrawal of the request for review and evidence of no suspended entries during the POR.

**DATES:** Applicable May 9, 2023.

**FOR FURTHER INFORMATION CONTACT:** Dennis McClure or Henry Wolfe, AD/CVD Operations, Office VIII, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230; telephone: (202) 482–5973 or (202) 482–0574, respectively.

**SUPPLEMENTARY INFORMATION:**

### Background

On December 1, Commerce published in the **Federal Register** a notice of opportunity to request an administrative review of the order on carbazole violet pigment 23 from India.[1] On December 22, 2022, Meghmani LLP, an exporter of subject merchandise, and Meghmani Pigments, an importer of subject merchandise, (collectively Meghmani) requested an administrative review of the order for the POR.[2] On December 30, 2022, Navpad Pigments Pvt. Ltd. (Navpad), a producer and exporter of the subject merchandise, requested an administrative review of the order for

---

[12] *See Certification of Factual Information to Import Administration During Antidumping and Countervailing Duty Proceedings,* 78 FR 42678 (July 17, 2013) (*Final Rule*); *see also* the frequently asked questions regarding the *Final Rule,* available at *https://enforcement.trade.gov/tlei/notices/factual_info_final_rule_FAQ_07172013.pdf.*

[13] *See Temporary Rule Modifying AD/CVD Service Requirements Due to COVID–19; Extension of Effective Period,* 85 FR 41363 (July 10, 2020).

[14] *See* section 782(b) of the Act; *see also Final Rule*; and the frequently asked questions regarding the *Final Rule,* available at *https://enforcement.trade.gov/tlei/notices/factual_info_final_rule_FAQ_07172013.pdf.*

[15] *See* 19 CFR 351.302.

[1] *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review,* 87 FR 73752 (December 1, 2022).

[2] *See* Meghmani's Letter, "Request for Administrative Review," dated December 2, 2022.

# Attachment 2

UNITED STATES DEPARTMENT OF COMMERCE
International Trade Administration
Washington, D.C. 20230

C-533-900
Administrative Review
POR: 07/06/2021 - 12/31/2022
**Public Version**
E&C/OVIII: JCM

May 15, 2023

| | |
|---|---|
| **MEMO TO:** | The File |
| **FROM:** | Janaé Martin<br>International Trade Compliance Analyst, Office VIII<br>Enforcement and Compliance |
| **RE:** | Administrative Review of the Countervailing Duty Order on Granular Polytetrafluoroethylene Resin from India; 2021-2022 |
| **SUBJECT:** | Release of U.S. Customs Entry Data for Respondent Selection |

On May 9, 2023, the Department of Commerce initiated an administrative review of the countervailing duty order on granular polytetrafluoroethylene resin (granular PTFE resin) from India covering one firm for the period of review (POR) July 6, 2021, through December 31, 2022.[1] Commerce requested Customs and Border Protection (CBP) data on all POR entries of granular PTFE resin from India associated with the company for which a review was requested.

Commerce stated in the *Initiation Notice* that it intends to select respondents based on U.S. Customs and Border Protection (CBP) data for U.S. imports during the POR.[2] Further, we also stated that the CBP data would be placed on the record within five days of publication of the *Initiation Notice*.[3] We are releasing the CBP data only to interested parties that have applied for administrative protective orders with Commerce. The CBP data included in the attachment to this memorandum is not available for public summary. Consequently, it is treated as business proprietary information in its entirety.

Because only one company, Gujarat Fluorochemicals Limited (GFCL), was identified in the *Initiation Notice* and that company has entries of subject merchandise during the POR, Commerce has selected GFCL as the mandatory respondent for this administrative review.

---

[1] *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 FR 29881 (May 9, 2023) (*Initiation Notice*).
[2] *Id.*
[3] *Id.*



Barcode:4376676-01 C-533-900 REV - Admin Review 7/6/21 - 12/31/22

Attachment

*See* Attached Electronic Excel Spreadsheet

**Business Proprietary Information in its Entirety**

**(Not Subject to Public Summary)**

Filed By: Janae Martin, Filed Date: 5/15/23 3:09 PM, Submission Status: Approved